UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND FRANK CHRISTIE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 21-mc-80263-RS<br><br>**ORDER DENYING MOTION FOR RETURN OF PROPERTY AND REQUEST FOR EVIDENTIARY HEARING, AND DENYING AS MOOT APPLICATION TO SHORTEN TIME** |

**I. Introduction**

Plaintiff Raymond Frank Christie filed a motion for return of property under Federal Rule of Criminal Procedure 41(g) following the execution of a federal warrant at his property in Humboldt County, California. Dkt. 1. Christie argues that the search violated the Fourth Amendment and that federal agents violated his Fifth and Sixth Amendment rights when questioning him. As no federal criminal charges are pending against Christie, this motion is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ritchie,* 342 F.3d 903, 906-07 (9th Cir. 2003). When reviewing a motion for return of property under Rule 41(g) when no federal criminal charges are pending, the district court must undertake a multi-factor inquiry to determine whether to exercise jurisdiction over the proceeding and reach the merits of the motion. *Ramsden v. United States*, 2 F.3d 322, 324-25 (9th Cir. 1993). Here, the factors point towards the government, and therefore the Court declines to exercise jurisdiction

over this equitable civil proceeding. Christie's motion for return of property is therefore denied, and no evidentiary hearing concerning the merits of the Rule 41(g) motion is necessary.[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 16, 2021 is vacated.

## II. Factual Background

Christie is a cattle rancher in Humboldt County. The Humboldt County District Attorney's Office is currently prosecuting him for alleged animal cruelty. *See People of the State of California v. Raymond Frank Christie*, CR1802751 (Humboldt County Superior Court). A first trial resulted in a deadlocked jury, and a retrial is scheduled for January 31, 2022.

On October 7, 2021, a magistrate judge of this Court signed a search warrant to be executed at Christie's property in Humboldt County. Federal agents, including an agent from the U.S. Department of Agriculture, executed the warrant on October 13, 2021, along with deputies from the Humboldt County Sheriff's Office. The search was part of an ongoing federal investigation into suspected wire fraud and mail fraud unrelated to the State court prosecution. Christie avers numerous problems with the search: (1) agents served an incomplete copy of the search warrant and verified an incomplete inventory; (2) agents unlawfully seized his phone; (3) agents unlawfully searched his home; (4) agents unlawfully searched other people's homes; and (5) State agents pursued their own agenda during their search, unrelated to the aims of the federal investigation. Christie avers that the State prosecutor has stated he intends to use evidence gained from the federal search in the upcoming trial in State court.

## III. Legal Standard

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the

---

[1] Christie filed an application for an order shortening time for hearing on the motion for return of property. Dkt. 2. As the parties later stipulated to maintain the initially set briefing schedule, and no hearing is necessary, the application is denied as moot. Christie also filed a request for an in-person evidentiary hearing. Dkt. 10. As no evidentiary hearing is required, this request is also denied.

property's return." When there are no federal criminal proceedings pending when a Rule 41(g) motion is filed, the motion is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *Ritchie,* 342 F.3d at 906–07; *see also United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008). The government's opposition to the motion is treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Ibrahim*, 522 F.3d at 1007-08. If facts material to the motion are in dispute, the district court must conduct an evidentiary hearing. *See id.* at 1008; *see also* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion.").

Before reaching the merits of the Rule 41(g) motion, though, a court must determine whether it should exercise jurisdiction. District courts "must exercise caution and restraint before assuming jurisdiction" in these equitable civil proceedings. *Ramsden*, 2 F.3d at 324 (internal quotation marks and citation omitted). The Ninth Circuit has enumerated four factors a district court must consider before reaching the merits of a Rule 41(g) motion: "1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance." *Id.* at 325; *see also United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). The district court should exercise its equitable jurisdiction and entertain the motion only if "the balance of equities tilts in favor of reaching the merits[.]" *Kama*, 394 F.3d at 1238 (internal quotation marks and citation omitted).

### IV. Discussion

Christie captions his motion as both a motion for the suppression of evidence and a motion for the return of his property. These two arguments are addressed separately.

#### A. Suppression of Evidence

Christie argues that the Court should suppress evidence that may be used in his prosecution in Humboldt County Superior Court and preemptively suppress evidence that may be used in a federal prosecution, should federal charges be filed. Christie argues that the Court may suppress

this evidence under Rule 41(g). That Rule, however, concerns a return of property, and does not address the suppression of evidence. Christie provides no statutes, caselaw, or rules supporting his argument that this Court may suppress evidence in a State criminal proceeding, or that this Court may preemptively suppress evidence in a hypothetical federal case in which no charges have been filed. Christie may pursue suppression of the evidence in State court via a motion to suppress in Humboldt County Superior Court, where he is being prosecuted, and he apparently is pursuing. He may also bring a motion to suppress in federal court, before the judge presiding over the criminal case, should prosecutors file federal charges. A Rule 41(g) motion to return property does not, however, allow this Court to suppress evidence in proceedings not before this Court.

**B. Return of Property**

Christie also argues that his property should be returned, but spends only one paragraph in his motion addressing the factors this Court must consider before exercising jurisdiction. When considering these factors, the equities do not favor reaching the merits of Christie's Rule 41(g) motion.

First, Christie has an individual interest and need for the documents, but this factor only slightly supports him. The Ninth Circuit has recognized that "documents [that] are necessary for [a plaintiff] to run his business" may constitute an individual interest and need. *Ramsden*, 2 F.3d at 325. The search focused on obtaining business-related records. Access to this information, however, could be achieved through access to copies of records, and the government has indicated they plan to make copies of these documents and return the originals to Christie, mitigating any concerns about a detriment to Christie's business. Thus, this factor only points slightly in Christie's favor.

Next, the factors concerning irreparable injury and the availability of a remedy are intertwined in this case, and strongly point towards the government. Christie argues that he will be irreparably harmed because the Humboldt County District Attorney's Office plans to use evidence they seized during the federal raid in the upcoming State trial. Christie argues that he does not have an adequate remedy at law, because the State prosecutor is obscuring the amount of evidence

he has access to, as the records seized in the raid are federal records.[2] Both of these arguments, though, are premised on the assumption that Christie's constitutional rights will not be protected by the motion to suppress he is currently litigating in State court. Christie has failed to show that the Humboldt County Superior Court will not be able to protect his constitutional rights.

Christie's main support is *Ramsden*, a case with material differences to the present matter. In *Ramsden*, federal agents conducted a warrantless search while arresting a suspect on request by the British government, which was investigating violations of the laws of the United Kingdom. 2 F.3d at 323-24. The Ninth Circuit held that the plaintiff would not have an adequate remedy at law, because "both the public and Ramsden have an interest in seeing that he has an opportunity to vindicate his rights in this country" and because even if the seizure was in violation of the U.S. Constitution, it was unclear whether a British court would suppress the evidence. *Id.* at 326. Here, a court in this country will have an opportunity to rule on the constitutionality of the search and seizure, and the Humboldt County Superior Court is duty bound to follow the U.S. Constitution. Thus, the concerns present in *Ramsden* are not present here.[3]

The final factor, the first one outlined in *Ramsden*, concerns "whether the Government displayed a callous disregard for the constitutional rights of the movant[.]" *Id.* at 325. As the irreparable injury and remedy factors point strongly to the government, and the factor concerning interest in and need for the property points only slightly towards Christie, the question of whether the government displayed a callous disregard for Christie's rights need not be reached, as the equities would tilt towards the government even if this factor was satisfied.

---

[2] The government has stated that it has not provided any evidence from the search to the Humboldt County District Attorney's Office. Assuming this statement is true and continues to be true, any evidence that Christie would like to suppress in the State proceeding, therefore, would be evidence collected by State law enforcement, and in possession of State authorities.

[3] To the extent Christie argues he will suffer irreparable harm concerning two specific pieces of evidence, his cellphone and a family calendar, neither argument is compelling. The government has since returned his phone. As for the calendar, which contained information on his children's appointments, federal agents allowed Christie to take photos of the calendars so he would have access to that information. Thus, the seizure of the physical copy of this information is not an irreparable injury, because Christie has access to the information in another form.

The Court also recognizes that it appears Christie's main goal in litigating this motion is the suppression of evidence, not the return of property. Christie's reply brief speaks almost exclusively of the need to suppress evidence, with very little discussion of the need to return property. As discussed above, though, Christie has other avenues to pursue suppression of the evidence. He has raised no concern that the Humboldt County Superior Court will not adequately consider his constitutional arguments, and he has a motion to suppress pending before that court. There is no indication that Rule 41(g) was intended to create an additional forum in which someone may litigate a motion to suppress.

In conclusion, the balance of equities does not tilt towards reaching the merits of Christie's Rule 41(g) claim, and thus the Court declines to exercise jurisdiction in this equitable proceeding. *Cf. Ramsden*, 2 F.3d at 326. As resolving the question of whether the threshold inquiry has been met does not require resolving any disputes of facts, no evidentiary hearing is necessary. Christie's motion for a return of property is denied. This ruling does not address whether any of the government's actions during the search of Christie's property ran afoul of his constitutional rights. Christie may litigate the constitutionality of the search and seizure in the motion to suppress pending in State court, or in a motion to suppress before the district court should federal charges be filed. Doing so in an equitable civil proceeding in federal court, when Christie has not shown an irreparable injury or that he lacks the ability to redress these harms, would represent federal judicial overreach to influence proceedings not pending in this forum.

## V. Conclusion

The factors to consider before reaching the merits of the Rule 41(g) question favor the government. The Court thus declines to exercise jurisdiction over the equitable proceeding, and Christie's motion for return of property is denied.

**IT IS SO ORDERED**.

Dated: December 2, 2021

ORDER DENYING MOTION FOR RETURN OF PROPERTY
CASE NO. 21-mc-80263-RS

_____
RICHARD SEEBORG
Chief United States District Judge